UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BETTY L. HARDY and MAXIE A. MOORE,

            Plaintiffs,

    v.

CHARLES DANIELS, et al.,

            Defendants.

No. CV05-955-MO

OPINION AND ORDER

**MOSMAN, J.,**

In this case, plaintiffs are suing various federal prison officials for failing to provide information under the Freedom of Information Act ("FOIA"). At the time the complaint was filed, plaintiff Maxie Moore was an inmate at the Sheridan Federal Correctional Institution ("Sheridan"). Plaintiff Betty Hardy refers to herself as Mr. Moore's common-law wife and fiancé. Plaintiffs are seeking indexes of inmates' administrative remedies at Sheridan for 2003 through April 2005. Defendants moved to dismiss plaintiffs' case on various jurisdictional grounds. For the reasons explained below, defendants' motion is granted.

Plaintiffs seeking information under FOIA have a duty to exhaust their administrative remedies before invoking federal court review. *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986). Where a plaintiff has failed to exhaust within the administrative system, the district court will dismiss the case for lack of jurisdiction. *Id.* To satisfy this exhaustion requirement, plaintiffs "must request specific information in accordance with published administrative

PAGE 1 - OPINION AND ORDER

procedures, *see* 5 U.S.C. § 552(a)(1), (2) & (3), and have the request improperly refused . . . ." *Id.* at 466.

Pursuant to the authority granted by 5 U.S.C. § 552(a),[1] the Bureau of Prisons ("BOP") has established that a FOIA request directed to it "must be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street, NW., Washington, D.C. 20534. The requester shall clearly mark on the face of the letter and the envelope 'FREEDOM OF INFORMATION REQUEST,' and shall clearly describe the records sought." 28 C.F.R. § 513.60.[2] FOIA requires that agencies "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and . . . immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). Where the bureau denies a FOIA request, it must inform the requester in writing and advise him or her of the right to appeal to the Office of Information and Privacy ("OIP"). 28 C.F.R. § 513.66. Any appeal should be properly addressed to the OIP and "clearly marked: 'Freedom of Information Act Appeal.'" *Id.* § 513.66.

---

[1] Each agency shall separately state and currently publish in the Federal Register for the guidance of the public--
  (A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions[.]
*Id.* § 552(a)(1)(A).

[2] Neither party cites this regulation, but it clearly applies in this case. Indeed, the court is at a loss as to why counsel for the government relied solely on the Department of Justice's ("DOJ") general FOIA regulations, 28 C.F.R. §§ 16.1-16.12, instead of also citing this more specific BOP regulation.

Here, plaintiffs, beginning in April 2005, made numerous requests for the information they are seeking. Mr. Moore made requests on "Inmate Requests to Staff" forms to various officials within the prison. Ms. Hardy wrote letter requests to the prison warden and U.S. Attorney Karen Immergut. Their requests cited the BOP's Administrative Remedy Program ("ARP"),[3] 28 C.F.R. § 542.19, and stated that if the information was not produced, the plaintiffs would file a FOIA complaint. There is no evidence any of the requests were properly labeled as FOIA requests. However, in spite of this defect, it appears the BOP opted to treat one of Ms. Hardy's letters as a FOIA request, and this "deemed request" was received on June 7, 2005. *See* Nubla Decl. at 1. (According to the Legal Examiner for the Western Regional Office of the BOP, "Betty Hardy's FOIA request was received on June 7, 2005.").

Plaintiffs filed this suit on June 27. Thereafter, in July, the BOP responded to Ms. Hardy's request informing her there were 260 pages of responsive information, and that she needed to provide a money order to cover part of the production cost. Ms. Hardy sent the requested money order. On August 19, the BOP sent Ms. Hardy 190 responsive pages and explained why the additional pages originally identified were not produced. The BOP also explained that 144 pages in the production had been excised to protect personal privacy.

Based on these facts, it is clear plaintiffs did not exhaust their administrative remedies before seeking judicial review. To begin with, plaintiffs did not give the bureau 20 working days

---

[3]The Administrative Remedy Program allows inmates "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must also exhaust his administrative remedies under this scheme before seeking judicial review, which requires inmates to make an initial request within the institution, and if they are unsatisfied with the response, appeal to the appropriate Regional Director and, thereafter, the Office of General Counsel. 28 C.F.R. §§ 542.14-542.15.

to respond to their request before filing suit in federal court; instead waiting only 20 *calendar* days from the time the bureau received their request before they filed their complaint. Plaintiffs argue their various requests beginning in April were sufficient to trigger the FOIA 20-day response provision, and therefore their complaint filed on June 27 was not premature. This is in error. The additional requests for information were made under the ARP set out in 28 C.F.R. §§ 542.10-542.19. The ARP is a completely separate remedial scheme from FOIA. *Matsey v. U.S. Dept. of Justice*, 2005 WL 1017867, at *6 (May 2, 2005 D.D.C.) (holding inmate not required to exhaust remedies under ARP before filing FOIA complaint because agency regulations create two separate procedures from which inmates can choose). As such, action taken under the ARP does not trigger the FOIA provisions. The *Matsey* opinion is instructive on this point. There, an inmate requested a copy of his Presentence Report under FOIA and the ARP, but he filed his federal claim invoking FOIA. *Id.* at *1-3. The government argued that because he had not exhausted his administrative remedies under the ARP, the court lacked jurisdiction over his FOIA complaint. *Id.* at *5. The court disagreed, explaining that the BOP regulations create two separate procedures for inmates to utilize in obtaining information from the agency, and where an inmate files a FOIA complaint, he is only required to exhaust his FOIA administrative remedies before he can invoke federal judicial review. *Id.* at *6-7.

The same reasoning applies here. Because the plaintiffs' early requests were made under the ARP, a separate remedial scheme, they were insufficient to trigger FOIA procedures. Indeed, the only reason plaintiffs can be said to have made a FOIA request is because the BOP elected to treat one of Ms. Hardy's letters as such a request, despite the fact that it did not conform to the BOP's formatting regulations. 28 C.F.R. § 513.60; *see Matsey*, 2005 WL

1017867, at *7 (holding inmate is "obliged to follow the specific FOIA procedures"). There is nothing in the regulations suggesting the BOP was required to do this. Thus, it was this decision by the BOP, and not the plaintiffs' requests, that triggered FOIA. As such, the agency had 20 working days from June 7, the day it received Ms. Hardy's "request," to respond, and plaintiffs' complaint filed June 27 was premature.

Additionally, as stated above, the BOP's FOIA regulations establish an administrative appellate review process, including an appeal to the OIP, for requesters who are dissatisfied with the agency's initial response. 28 C.F.R. § 513.66. It is undisputed plaintiffs did not avail themselves of this process. Thus, even if they were correct that their initial requests made under the ARP were sufficient to trigger FOIA, they have failed to exhaust by not availing themselves of the administrative appellate review process.

Defendants also argue the court lacks jurisdiction because plaintiffs named individual prison officials as defendants instead of the agency itself. The Ninth Circuit has not expressly resolved this question; however, the general consensus is that only a federal *agency*, and not federal officials, can be sued under FOIA. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency."); *Bay Area Lawyers Alliance for Nuclear Arms Control v. Dept. of State* 818 F.Supp. 1291, 1294 (N.D. Cal. 1992) ("[U]nder the FOIA, only agencies are proper parties to FOIA actions."); *Johnson v. C.I.R.*, 2002 WL 31934162, at *7 (W.D. Wash. 2002) ("Individual agency employees are not proper party defendants in FOIA actions."). Where the plaintiff names an improper defendant, the court can dismiss with prejudice the claim against that defendant. *Petrus*, 833 F.2d at 582 (affirming

dismissal of claims against officials). But, the court may also allow the plaintiff to amend his or her complaint and name a proper defendant where such amendment would not be futile. *Id.* (remanding case to allow plaintiff to amend); *Johnson*, 2002 WL 31934162, *7 (refusing to allow plaintiff to amend because dismissal was proper on other grounds). In this case, dismissal is also appropriate on this grounds because plaintiffs have only named individual prison officials as defendants, and given plaintiffs' failure to exhaust administrative remedies, allowing them to amend their complaint would be futile.

For these reasons, the court lacks jurisdiction over the plaintiffs' claim, and defendants' motion to dismiss is GRANTED.

IT IS SO ORDERED.

DATED this   23rd   day of January, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court